Affirmed by C-533
Overruled by C-458
_Under conflict_

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

OHN BEN SHEPPERD
ATTORNEY GENERAL

December 30, 1955

Honorable Hubert W. Green, Jr.
Criminal District Attorney
Bexar County
San Antonio, Texas

Opinion No. S-184

Re: Property subject to taxation
for the benefit of Bexar County
Hospital District and related
questions.

Dear Mr. Green:

You request our opinion on the following questions:

"1. Please advise whether or not all property appearing on our current tax rolls (Form B - Rendered; Form D - Unrendered; Form E - Railroads; Form G - State and National Banks; Form H - All Utilities Other Than Railroads) are subject to the levy of the Bexar County Hospital District for the year 1955?

"2. Please advise whether or not the Bexar County Tax Assessor-Collector can accept payment of all tax items appearing on the 1955 State of Texas and Bexar County tax notice without collecting the tax levied by the Bexar County Hospital District?

"3. If your answer to our second question is in the affirmative,
(a) What form of receipt may be issued
(b) How will that tax that is collected be posted to our tax roll and be reported on forms prescribed for reporting tax collections;
(c) Will the County Tax Assessor-Collector be required to send the taxpayer a delinquent tax statement on the unpaid hospital tax as of July 1, 1956;
(d) Will the unpaid hospital tax become a lien against the property?"

Further statements in your letter reveal that the first question is directed specifically toward the rolling stock of railroads and the intangible assets of companies mentioned in Article 7105, Vernon's Civil Statutes, and we are answering the question as thus limited.

Article 9, Section 4 of the Texas Constitution provides in part:

"Sec. 4.  The Legislature may by law authorize the creation of county-wide Hospital Districts in counties having a population in excess of 190,000 and in Galveston County, with power to issue bonds for the purchase, acquisition, construction, maintenance and operation of any county owned hospital, or where the hospital system is jointly operated by a county and city within the county, and to provide for the transfer to the county-wide Hospital District of the title to any land, buildings or equipment, jointly or separately owned, and for the assumption by the district of any outstanding bonded indebtedness heretofore issued by any county or city for the establishment of hospitals or hospital facilities; to levy a tax not to exceed seventy-five cents ($.75) on the One Hundred ($100.00) Dollars valuation of all taxable property within such district, provided, however that such district shall be approved at an election held for that purpose, and that only qualified, property taxpaying voters in such county shall vote therein; provided further, that such Hospital District shall assume full responsibility for providing medical and hospital care to needy inhabitants of the county, and thereafter such county and cities therein shall not levy any other tax for hospital purposes; . . . ."
(Emphasis added)

Section 2 of Article 4494n, Vernon's Civil Statutes, provides in part:

"Sec. 2.  The Commissioners Court of any county which has voted to create a Hospital District shall have the power and the authority, and it shall be its duty, to levy on all property, subject to hospital district taxation for the benefit of the District at the same time taxes are levied for county purposes, using the county values and the county tax roll, a tax not to exceed seventy-five cents (75¢) on the One Hundred Dollars ($100.00) valuation of all taxable property within the Hospital District; . . . ."
(Emphasis added.)

Article 7105, V. C. S., provides in part:

"Each incorporated railroad company, ferry company, bridge company, turnpike, or toll company, oil pipe line company, and all common carrier pipe line companies of

> every character whatsoever, engaged in the transporta-
> tion of oil, and in addition each 'motor bus company,' as
> defined in Chapter 270, Acts, Regular Session of the
> Fortieth Legislature, as amended by the Acts of 1929,
> First Called Session of the Forty-first Legislature,
> Chapter 78, and each 'common carrier motor carrier'
> operating under certificates of convenience and necessity
> issued by the Railroad Commission of Texas, doing busi-
> ness wholly or in part within this State, whether incor-
> porated under the laws of this State, or of any other State,
> territory, or foreign country, and every other individual,
> company, corporation, or association doing business of
> the same character in this State, in addition to the ad
> valorem taxes on tangible properties which are or may be
> imposed upon them respectively, by law, shall pay an an-
> nual tax to the State, beginning with the first day of
> January of each year, on their intangible assets and pro-
> perty, and local taxes thereon to the counties in which its
> business is carried on; . . ." (Emphasis added.)

We call your attention to the underscored portion of Section 4 of Article IX of our Constitution which provides "of all taxable property within such district." Also to Section 2 of Article 4494n, supra, which states "on all property, subject to hospital district taxation". Article 7105, supra, provides for a tax only upon intangible properties in favor of the State and counties, and does not include taxes levied for the bene-fit of districts or subdivisions of a county.

In State v. Houston & T. C. Ry. Co., 209 S.W. 820 (Tex. Civ. App. 1919), the Harris County Ship Channel Navigation District, a taxing district which was coterminous with Harris County, sought to tax the in-tangible assets and rolling stock of the railroad. The act creating the district authorized the taxation of all property "within the district." The Court interpreted the phrase "within the district" to mean property "actually physically within" such district. The Court denied the naviga-tion district the right to tax the rolling stock and intangible assets on the ground that such properties did not have a taxable situs in such district, in that the Legislature determined that such properties may be taxed only "for the use of the state and the counties." We also refer you to the fol-lowing Texas cases: Bell County v. Hines, 219 S.W. 556 (Tex. Civ. App. 1920) and Texas & Pacific Railway Company v. State, 43 S.W. 2d 628 (Tex. Civ. App. 1931).

You are, therefore, advised that all property within the Bexar County Hospital District is subject to ad valorem taxation for the benefit of the district. The rolling stock of railroads and the intangible assets

of the corporations mentioned in Article 7105 are not within said district and therefore are not subject to taxation by said district. This holding is in accord with Attorney General Opinions O-1777 and O-7469, copies of which are enclosed.

It is our further opinion that the Bexar County Tax Assessor-Collector cannot accept payment of taxes due the State, county and other political subdivisions appearing on the tax roll without collecting the taxes lawfully levied for the benefit of the Bexar County Hospital District. You will note that Section 2 of Article 4494n, supra, specifically requires that the county tax roll be used. We are enclosing Attorney General Opinion O-1262 which holds that all taxes properly appearing upon the general tax rolls must be paid in their entirety.

Your third question was predicated upon an affirmative answer to your second question.

## SUMMARY

All property within the Bexar County Hospital District is subject to ad valorem taxation for the benefit of the District. The rolling stock of railroads and the intangible assets of the companies mentioned in Article 7105, V. C. S., are not within said district and are not subject to taxation for the benefit of the district.

The Bexar County Tax Assessor-Collector cannot accept payment of other taxes appearing upon the tax rolls without also collecting the Bexar County Hospital District taxes.

Yours very truly,

APPROVED:

JOHN BEN SHEPPERD
Attorney General

J. A. Amis, Jr.
Reviewer

Mary K. Wall
Reviewer

By W. V. Geppert

L. W. Gray
Special Reviewer

W. V. Geppert
Assistant

Davis Grant
First Assistant

John Ben Shepperd
Attorney General